IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES YANCEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARTIN L. DRAGOVICH, et al.[1] | : | NO. 02-2864 |

**REPORT AND RECOMMENDATION**

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**          November    15, 2002

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania. For the reasons that follow, I recommend that the petition be dismissed as untimely.

**FACTS AND PROCEDURAL HISTORY**:

On June 17, 1983, after a jury trial before the Honorable Eugene Gelfand, Yancey was convicted of murder in the first degree and criminal conspiracy. After denying post-verdict motions, Judge Gelfand sentenced Yancey to life imprisonment for the murder conviction and a concurrent term of 5 - 10 years' imprisonment for conspiracy.

On October 30, 1986, the Superior Court affirmed the judgment of sentence. Commonwealth v. Yancey, 2954 Phila. 1984. Yancey did not seek review in the Pennsylvania Supreme Court.

---

[1] Although Yancey names Jeffrey A. Beard as the respondent, it is proper to name the state officer having custody of the petitioner as the respondent. Rule 2(a) of the Rules Governing § 2254 Cases. In Yancey's case, Martin L. Dragovich is the Superintendent of S.C.I. Camp Hill. Therefore, Superintendent Dragovich is substituted for Mr. Beard.

Yancey filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551, on June 26, 1990. After the court appointed counsel and held an evidentiary hearing, the petition was denied on December 10, 1993. The Superior Court affirmed the PCRA Court's decision on September 14, 1994. Commonwealth v. Yancey, 4030 Phila. 1993. On March 15, 1995, the Supreme Court of Pennsylvania denied allocatur. Commonwealth v. Yancey, 776 E.D. Allocatur Dkt. 1994.

On August 14, 2001, Yancey filed a second PCRA petition. Court appointed counsel filed a "no merit letter" and the petition was dismissed as untimely and without merit on March 26, 2002. On April 24, 2002, Yancey filed a Notice of Appeal to the Pennsylvania Superior Court. However, because Yancey failed to comply with Pennsylvania Rule of Appellate Procedure 3517, requiring the execution of a docketing statement by the appellant, the Superior Court dismissed the appeal on July 9, 2002. Commonwealth v. Yancey, 1493 E.D. Allocatur Dkt. 2002.

On May 13, 2002, Yancey filed this petition for habeas corpus relief. In response, the District Attorney has asserted that the petition is untimely. With the passage of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Congress enacted a one-year limitations period for federal habeas corpus petitions. 28 U.S.C. § 2244(d). Ordinarily, the one-year period begins to run from the date on which the judgment became final in the state courts and is tolled only by a properly filed PCRA petition. 28 U.S.C. § 2244(d)(1)(A) and (d)(2).

Here, Yancey's conviction became final in 1986, prior to the enactment of AEDPA. Because the Third Circuit determined that application of the one-year limitations

period to convictions that became final prior to the enactment of AEDPA would be impermissibly retroactive, Yancey had one year from AEDPA's enactment date, April 24, 1996, to file his habeas petition. See Burns v. Morton, 134 F.3d 109, 110 (3d Cir. 1998). During that time, Yancey did not have any petitions for state collateral relief pending.[2]

Yancey did not file this habeas petition until May 13, 2002, over five years after the expiration of the limitations period. It would appear, therefore, that Yancey's petition is untimely. However, § 2244(d) provides that the limitations period shall run from the latest of, among other things, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In his petition, Yancey claims that a witness against him at trial recently recanted her testimony. Therefore, Yancey could argue that he had one year from the time of the recantation to file his habeas petition.

The problem with this argument is that review of the state court record reveals that Yancey became aware of this recantation in March of 1996, when an investigator hired by his family contacted Lolita Lynn Matthews, a witness who testified against Yancey at trial. See Amended Petition Under Post Conviction Relief Act, November Term, 1982, CP # 1174-1178, Feb. 11, 2002, at 2; Finley letter of John Belli, Jan. 30, 2002, at 5. Although Ms. Matthews did not provide an affidavit until May 20, 2001, Yancey admits in his Amended PCRA petition and PCRA counsel confirmed in his Finley letter that Yancey became aware of the recantation in

---

[2] Although Yancey filed a PCRA petition in 1990, the Supreme Court of Pennsylvania had concluded its consideration of the appeal in 1995, before AEDPA was enacted. Therefore, Yancey's first petition did not toll the limitations period. Similarly, Yancey's second PCRA petition did not toll the limitations period, as it was filed after the limitations period had already run.

March of 1996.  Section 2244(d)(1)(D) references the date on which the factual predicate of the claim "could have been discovered through the exercise of due diligence."  28 U.S.C. 2244(d)(1)(D).  Here, it is obvious that Yancey *had* discovered the factual predicate of the claim in March of 1996.  Since the habeas limitations period did not begin to run until April of 1996, when AEDPA was enacted, Yancey receives no benefit by arguing for an alternative start date based on the discovery of this new evidence.

Finally, it appears that Yancey claims that the limitations period is subject to equitable tolling in his case because he suffered a stroke which affected his ability to comply with the limitations period.  Equitable tolling is appropriate "when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights."  Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  The Third Circuit has found that equitable tolling is appropriate in four narrow circumstances: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  However, equitable tolling is to be invoked "only sparingly," see United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998), and only when the petitioner establishes that he exercised "reasonable diligence" in investigating and bringing the claims.  Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998)(citing New Castle County v. Haliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)).

Although we believe that, with adequate medical documentation, Yancey's stroke and its effects – an inability to communicate and partial paralysis – could support an argument for equitable tolling, review of the medical records presented in the PCRA proceedings reveals that Yancey didn't suffer the stroke until May 18, 1997.  <u>See</u> Amended PCRA Petition, Exhibit F - Discharge Summaries from Somerset Hospital and Conemaugh Memorial Medical Center. Since the limitations period expired in April, 1997, his subsequent medical difficulties are irrelevant to his ability to comply with the habeas limitations period and do not provide a basis for equitable tolling.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this           day of              , 2002, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED AS UNTIMELY.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES YANCEY | : | CIVIL ACTION |
| v. | : | |
| MARTIN L. DRAGOVICH, et al. | : | NO. 02-2864 |

### O R D E R

HARVEY BARTLE, III, J.,

AND NOW, this        day of                , 2002, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DISMISSED AS UNTIMELY.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
HARVEY BARTLE, III, J.